1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11   CHARLES BRAY,                     )   Case No. 06cv2759-WQH (BLM)
                                       )
12                 Plaintiff,          )   **ORDER GRANTING JOINT MOTION TO**
     v.                                )   **CONTINUE DATES**
13                                     )
     LOWE'S COMPANIES, INC., d/b/a     )
14   LOWE'S COMPANIES, LLC, d/b/a      )
     LOWE'S HIW, INC., and DOES 1 to   )
15   30,                               )
                                       )
16                 Defendants.         )
     _____)
17                                     )
     AND RELATED CROSS-CLAIMS          )
18   _____)

19

20        On January 2, 2008, parties to the above matter submitted a joint

21   motion to continue expert disclosure dates.  Doc. No. 30.  The Court

22   responded in part to this order on January 7, 2008.  Doc. No. 32.  After

23   speaking with the parties at a January 10, 2008 Case Management

24   Conference, the Court finds it appropriate to further grant the parties'

25   motion as follows.

26        1.   All expert disclosures required by Fed. R. Civ. P. 26(a)(2),

27   that were previously required to be served by January 25, 2008, shall be

28   served on all parties on or before **February 22, 2008**.  Any contradictory

1  or rebuttal information, previously required to be disclosed by February

2  8, 2008, shall be disclosed on or before **March 7, 2008.**  In addition,

3  Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the

4  expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the

5  time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3)

6  (discussed below).

7       The parties are advised to consult with Fed. R. Civ. P. 26(a)(2)

8  regarding expert disclosures.  Such disclosures shall include an expert

9  report, all supporting materials, a complete statement of all opinions

10  to be expressed and the basis and reasons therefor, the data or other

11  information considered by the expert in forming the opinions, any

12  exhibits to be used as a summary of or as support for the opinions, the

13  qualifications of the witness including a list of all publications

14  authored by the witness within the preceding ten years, the compensation

15  to be paid for the study and testimony, and a list of other cases in

16  which the witness has testified as an expert at trial or by deposition

17  within the preceding four years.

18       This disclosure requirement applies to all persons retained or

19  specially employed to provide expert testimony, <u>or</u> whose duties as an

20  employee of the party regularly involve the giving of expert testimony.

21       **Please be advised that failure to comply with this section or any**

22  **other discovery order of the Court may result in the sanctions provided**

23  **for in Fed. R. Civ. P. 37, including a prohibition on the introduction**

24  **of experts or other designated matters in evidence.**

25       2.    All discovery, previously required to be completed by March

26  7, 2008, shall be completed by all parties on or before **April 18, 2008**.

27  "Completed" means that all discovery under Rules 30-36 of the Federal

28  Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be

1  initiated a sufficient period of time in advance of the cut-off date, <u>so</u>
2  <u>that it may be completed by the cut-off date</u>, taking into account the
3  times for service, notice, and response as set forth in the Federal
4  Rules of Civil Procedure.

5      Counsel shall promptly and in good faith meet and confer with
6  regard to all discovery disputes in compliance with Civil Local Rules
7  16.5(k) and 26.1(a).  **All discovery motions shall be filed within thirty**
8  **(30) days after counsel have met and conferred and reached an impasse**
9  **with regard to any particular discovery issue, but in no event shall**
10  **discovery motions be filed more than sixty (60) days after the date upon**
11  **which the event giving rise to the discovery dispute occurred.**  For oral
12  discovery, the event giving rise to the discovery dispute is the
13  completion of the transcript of the affected portion of the deposition.
14  For written discovery, the event giving rise to the discovery dispute is
15  either the service of the response, or, if no response was served, the
16  initial date the response was due.  **In addition, all discovery motions**
17  **must be filed within thirty (30) days after the close of discovery.**
18      3.      The Mandatory Settlement Conference, previously scheduled
19  for January 24, 2008, is continued to **February 29, 2008** at **9:30 a.m.** in
20  the chambers of Magistrate Judge Barbara L. Major located at **940 Front**
21  **Street, Suite 5140, San Diego, CA 92101**.   All discussions at the
22  Mandatory Settlement Conference will be informal, off the record,
23  privileged, and confidential.   Counsel for any non-English speaking
24  party is responsible for arranging for the appearance of an interpreter
25  at the conference.
26      a.   **Personal Appearance of Parties Required**: All parties,
27  adjusters for insured defendants, and other representatives of a party
28  having full and complete authority to enter into a binding settlement,

06cv2759-WQH (BLM)

1   as well as the principal attorneys responsible for the litigation, must

2   be present **in person** and legally and factually prepared to discuss

3   settlement of the case.   <u>Counsel appearing without their clients</u>

4   <u>(whether or not counsel has been given settlement authority) will be</u>

5   <u>cause for immediate imposition of sanctions and may also result in the</u>

6   <u>immediate termination of the conference.</u>

7       Unless there are extraordinary circumstances, persons required to

8   attend the conference pursuant to this Order shall not be excused from

9   personal attendance.   **Requests for excuse from attendance for**

10  **extraordinary circumstances shall be made <u>in writing</u> at least seventy-**

11  **two (72) hours prior to the conference.**   Failure to appear **in person** at

12  the Mandatory Settlement Conference will be grounds for sanctions.

13          b.   **Full Settlement Authority Required**:   In addition to

14  counsel who will try the case, a party or party representative with <u>full</u>

15  <u>settlement authority</u>[1] must be present for the conference.   In the case

16  of a corporate entity, an authorized representative of the corporation

17  who is not retained outside counsel must be present and must have

18  discretionary authority to commit the company to pay an amount up to the

19  amount of the Plaintiff's prayer (excluding punitive damages prayers).

20  The purpose of this requirement is to have representatives present who

21  _____

22      [1]  "Full settlement authority" means that the individuals at the settlement

23  conference must be authorized to explore settlement options fully and to agree at that

    time to any settlement terms acceptable to the parties.  <u>Heileman Brewing Co. v. Joseph</u>

24  <u>Oat Corp.</u>, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered

25  discretion and authority" to change the settlement position of a party.  <u>Pitman v.</u>

    <u>Brinker Int'l, Inc.</u>, 216 F.R.D. 481, 485-86 (D. Ariz. 2003).  The purpose of requiring

26  a person with unlimited settlement authority to attend the conference contemplates that

27  the person's view of the case may be altered during the face to face conference.  <u>Id.</u>

28  at 486.  A limited or a sum certain of authority is not adequate.<u>See</u> <u>Nick v. Morgan's</u>

    <u>Foods, Inc.</u>, 270 F.3d 590, 595-97 (8th Cir. 2001).

1  can settle the case during the course of the conference without

2  consulting a superior.  <u>Counsel for a government entity may be excused</u>

3  <u>from this requirement so long as the government attorney who attends the</u>

4  <u>Mandatory Settlement Conference (1) has primary responsibility for</u>

5  <u>handling the case, and (2) may negotiate settlement offers which the</u>

6  <u>attorney is willing to recommend to the government official having</u>

7  <u>ultimate settlement authority.</u>

8         c.    **Confidential Settlement Statements Required**:  No later

9  than **February 22, 2008**, the parties shall submit directly to Magistrate

10  Judge Major's chambers confidential settlement statements no more than

11  five (5) pages in length.  **These confidential statements shall not be**

12  **filed or served on opposing counsel.**  Each party's confidential

13  statement must include the following:

14         (i)  A brief description of the case, the claims and/or

15  counterclaims asserted, and the applicable defenses or position

16  regarding the asserted claims;

17         (ii) A specific and current demand or offer for

18  settlement addressing all relief or remedies sought.  If a specific

19  demand or offer for settlement cannot be made at the time the brief is

20  submitted, then the reasons therefore must be stated along with a

21  statement as to when the party will be in a position to state a demand

22  or make an offer; and

23         (iii)  A brief description of any previous settlement

24  negotiations, mediation sessions, or mediation efforts.

25     General statements that a party will "negotiate in good faith" is

26  not a specific demand or offer contemplated by this Order.  It is

27  assumed that all parties will negotiate in good faith.

28         d.    **Requests to Continue a Mandatory Settlement Conference**:

1  Any request to continue the Mandatory Settlement Conference or request

2  for relief from any of the provisions or requirements of this Order must

3  be sought by a **written *ex parte* application**.  The application must (1)

4  be supported by a declaration of counsel setting forth the reasons and

5  justifications for the relief requested, (2) confirm compliance with

6  Civil Local Rule 26.1, and (3) report the position of opposing counsel

7  or any unrepresented parties subject to the Order.

8  **If the case is settled in its entirety before the scheduled date of**

9  **the conference, counsel and any unrepresented parties must still appear**

10 **in person, unless a written joint motion confirming the complete**

11 **settlement of the case is submitted no less than twenty-four (24) hours**

12 **before the scheduled conference.**

13 All other dates remain as previously established.

14 **IT IS SO ORDERED.**

15 Dated: <u>January 10, 2008</u>

16                                              BARBARA L. MAJOR
                                               United States Magistrate Judge

17

18 COPY TO:

19 HONORABLE WILLIAM Q. HAYES
   U.S. DISTRICT JUDGE

20

21 ALL COUNSEL

22

23

24

25

26

27

28

6                                                06cv2759-WQH (BLM)